**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEVEN ANTHONY WALCOTT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1125** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT, ET AL.** | **SECTION: "S"(3)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, Steven Anthony Walcott, Jr., filed this federal civil rights action against various identified and unidentified defendants. On September 22, 2017, the undersigned United States Magistrate Judge issued a report recommending that plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.[1] That Report and Recommendation currently remains pending before the United States District Judge.

Plaintiff subsequently filed a document entitled "Preliminary Injunction & Restraining Order."[2] He simultaneously filed identical documents in two of his other pending cases: <u>Walcott v. Terrebonne Parish Medical Jail Staff</u>, Civ. Action No. 17-6703 "G"(5), and <u>Walcott v. Larpenter</u>, Civ. Action No. 17-6710 "B"(1). He also filed a substantially similar document in a dismissed case which is currently on appeal: <u>Walcott v. Terrebonne Parish Jail Medical Department</u>, Civ. Action No. 16-15594 "B"(4). The motion filed in the instant case was referred to the undersigned for a Supplemental Report and Recommendation.[3] For the following reasons,

---

[1] Rec. Doc. 10.
[2] Rec. Doc. 15.
[3] Rec. Doc. 16.

it is now recommended that the motion for a preliminary injunction be denied for the following reasons.[4]

As an initial matter, the Court notes that the motion largely concerns matters wholly unrelated to the claims in this lawsuit. Plaintiff's complaint in this matter was filled with a litany of grievances; however, he appeared to be asserting the following claims: (1) he was denied medical care and medication for his pre-existing conditions; (2) he was required to sleep on a mattress on the floor; (3) he was housed with a "non-medical detainee," Leo Kember, as a form of retaliation; (4) after a confrontation with Kember, plaintiff was placed on segregated lockdown without a hearing as a form of retaliation; (5) Kember's placement on the shared unit posed a danger to plaintiff; and (6) plaintiff was housed in unsanitary conditions while on lockdown. On the other hand, plaintiff's instant motion alleges numerous additional unrelated actions which he believes also violated his rights. For example, his unrelated allegations include, but are not limited to, the following: (1) his cell was illegally searched and his property was confiscated; (2) his food was laced with substances to induce hunger pangs; (3) officials tampered with his legal mail; (4) he was subjected to religious discrimination; (5) he was subjected to "psychological advances" which caused him to act out inappropriately; (6) he was subjected to "sexual seductive bribery" in order to tempt him to violate his faith and commit a criminal offense; (7) he was drugged with substances which caused him pain, adversely affected his ability to concentrate, tried "to change his sex from male to female," caused him to experience "raging anger," and adversely affected his sexual drive; (8) he was deprived of food and, as a result, lost consciousness and soiled himself;

---

[4] Although plaintiff also references a temporary restraining order in his motion, the motion must be construed as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545 (5th Cir. 2003).

and (9) officials castrated him, causing his penis and testicles to shrink and his semen to turn into "brown water." Where, as here, a plaintiff seeks injunctive relief unrelated to the claims in his lawsuit, his request for injunctive relief should be denied. See Martin v. Keitel, 205 Fed. App'x 925, 929 (3rd Cir. 2006); Schwartz v. United States Department of Justice, Civ. Action No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." (citations and quotation marks omitted)). Rather, plaintiff's recourse is to file a new, separate action in which his new claims can be properly evaluated. See, e.g., Romano v. Paunic, No. 8:13-cv-2515-T-23AEP, 2014 WL 55042, at *2 (M.D. Fla. Jan. 6, 2014).

Further, to the extent that any of the allegations in the motion do in fact relate to claims in this lawsuit, he still is not entitled to the injunctive relief he seeks. One of the requirements for a preliminary injunction is that there be a substantial likelihood that the plaintiff will succeed on the merits of his claims. See, e.g., Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997). However, for the reasons explained in the original Report and Recommendation, all of plaintiff's claims in this lawsuit should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted. Where, as here, a plaintiff's claims are subject to dismissal on those grounds, he obviously cannot make the necessary showing that there is a substantial likelihood that he will succeed on the merits of his claims, and, therefore, a preliminary injunction should be denied. See, e.g., Gibson v. Gusman, Civ. Action No. 14-2273, 2015 WL 5060854, at *10 (E.D. La. Aug. 18, 2015).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's motion for a preliminary injunction, Rec. Doc. 15, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twentieth day of November, 2017.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**